1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

WILLIAM JOHN GREEN,

Petitioner

v.

JACK FOX, WARDEN,

Respondent.

Case No. CV 15-5420-DMG (GJS)

ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS
WITHOUT PREJUDICE

17
18
19
20
21
22
23

On July 16, 2015, Petitioner, a federal prisoner, filed a 28 U.S.C. § 2241 habeas petition in this district, which alleges ten claims ("Petition").   Petitioner names as Respondent the Warden of USP-Lompoc, the federal correctional institution at which Petitioner is incarcerated.  On the same date, Petitioner filed a document entitled "Additional Motions In Re:  Habeas Corpus Petition (28 USC 2241)," which seeks ten categories of relief ("Motion").

24

**BACKGROUND**

25
26
27
28

In February 2013, in the United States District Court for the Southern District of California and pursuant to a plea agreement, Petitioner was convicted of a violation of 18 U.S.C. § 2252(a)(4)(B) (the "Conviction").  In December 2013, Petitioner was

sentenced to 87 months in federal prison.  (*See* Docket entries 125 and 128 in Case. No. 11-cr-938-JM.)[1]

Petitioner did not appeal his Conviction, and he has not filed a 28 U.S.C. § 2255 motion with respect to the Conviction.  In October 2014, Petitioner filed a motion seeking an extension of time to file a Section 2255 motion, which the Southern District denied.  Petitioner has appealed that denial.  (*See* Docket entries 158, 161, and 168 in Case No. 11-cr-938-JM.)

### THE PETITION AND THE MOTION

The Petitioner alleges the following ten grounds for relief:

*Ground One:*  Petitioner alleges that since 2012 -- while he has been incarcerated at the MCC in San Diego (2012-2013), FCC-Seagoville in Texas (2014), and FCI-Lompoc (2015) -- the Federal Bureau of Prisons ("BOP") has denied Petitioner access to a Christian Science Practitioner and, thus, deprived Petitioner of his right to the free exercise of his religion.

*Ground Two:*  Petitioner alleges that since 2012, the BOP has denied him adequate, effective, responsive, and timely medical, dental, and psychological care.

*Ground Three*:  Petitioner alleges that while he was incarcerated in the SHU at FCC-Seagoville and in the SHU at FCI-Lompoc, he was denied access to the law library and legal property, which has impaired his access to courts and ability to file administrative grievances.  Petitioner further alleges that he has not been given complete copies of medical records he has paid for and that staff at his prior and present prisons have refused to make timely copies of documents and forms and to timely file his grievances.

---

[1]     Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the dockets for the federal district and circuit courts available through the PACER system.

2

*Ground Four:*  Petitioner alleges that he has been subjected to cruel and unusual punishment while incarcerated in the SHU at FCC-Seagoville and the SHU at FCI-Lompoc, because he has been deprived of sanitation items, clean clothes and bedding, and has been housed next to loud, threatening and insane inmates.  In retaliation for Petitioner's complaints, prison staff at one or both prisons seized Petitioner's religious property and deprived him of access to the law library and legal property.

*Ground Five:*  Petitioner contends that, in January 2014 and January 2015, he was subjected to cross-country transfers between prisons in violation of BOP policy, which forbids routine, long transfers for seriously ill inmates.  During these transfers, BOP staff refused to let Petitioner use an assigned wheelchair and made him climb stairs in violation of medical orders, which caused him to suffer serious heart trouble and internal bleeding.

*Ground Six:*  Petitioner alleges that, on five unspecified occasions, BOP staff members falsely accused and convicted him of matters of which he is innocent, which resulted in a loss of 95 days of good conduct credits and a year and a half of various privileges.  Petitioner alleges that he initially appealed these convictions but "abandoned" his appeals as "futile."

*Ground Seven:*  Petitioner alleges that on three occasions, FCI-Lompoc officers utilized excessive force and restraints, which injured Petitioner's shoulder and hand and caused internal bleeding.

*Ground Eight:*  Petitioner alleges that at both FCC-Seagoville and FCI-Lompoc, BOP staff members have refused to allow him to use his assigned wheelchair on unspecified occasions, which forced him to walk and caused him to suffer internal bleeding, pain, and disability.

*Ground Nine:*  Petitioner alleges that, while he was incarcerated at FCC-Seagoville, in June and November 2014, prison officials failed to heed Petitioner's pleas for protection, and Petitioner was assaulted by inmates.  Petitioner further

3

alleges that, in 2015, FCI-Lompoc staff refused to protect him from violent sex offender inmates, and Petitioner was sexually harassed by a violent pedophile.

*Ground Ten:*  Petitioner contends that, based upon records and information he obtained in mid-to-late 2014, he is actually innocent of the crime of which he was convicted.  Petitioner contends that this "newly discovered evidence" shows that he could not have formed the mens rea for his crime, because he was mentally incapacitated by reason of brain trauma, chemotherapy poisoning, mental illness, and the effects of multiple prescription medications.

As habeas relief, Petitioner seeks:  the expungement of "illegal false" disciplinary actions and sanctions; immediate release from prison so that he may receive Christian Science treatment and nursing care; an order overturning the Conviction and allowing Petitioner to withdraw his plea; the dismissal of criminal charges; expedited adjudication; and the appointment of counsel.

The Motion contains ten sub-motions, labeled M-1 through M-10.  M-1 asks the Court to construe Petitioner's submissions liberally and to "give him benefit of doubt" on credibility matters.  M-2 asks the Court to waive the Local Rules and any other rules that otherwise would apply to this case.  M-3 asks the Court to grant Petitioner in forma pauperis status.  M-4 asks that Petitioner be excused from his Fed. R. Civ. P. 5 obligation to serve Respondent with any and all filings.  M-5 asks the Court to grant Petitioner leave on a liberal basis to amend, supplement, correct and/or revise his filings.  M-6 asks for "emergency expedited adjudication."  M-7 asks for an "emergency expedited evidentiary hearing."  M-8 asks that this case not be transferred to another district.  M-9 asks that counsel be appointed for Petitioner.  Finally, M-10 asks that the Court order the BOP to transfer Petitioner to FCI-Terminal Island and prohibit the BOP from transferring Petitioner out of this district.

**DISCUSSION**

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition, even if the petition is not filed pursuant to Section 2254.  Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4.  For the following reasons, the Court has concluded that, pursuant to Habeas Rule 4, summary dismissal of the Petition, without prejudice, is required.  *See Bostic v. Carlson*, 884 F.2d 1267, 1269–70 (9th Cir.1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

I.   <u>Grounds One Through Five, Six (In Part), and Seven Through Nine Are Not Cognizable Under Section 2241</u>.

With the exception of Ground Ten, and possibly the portion of Ground Six alleging a loss of 95 days of good conduct credits, Petitioner his not challenging his Conviction or sentence, the execution of his sentence, or the fact of his custody or incarceration.  Rather, with the above two exceptions, the Petition challenges the conditions of Petitioner's confinement.  In brief, Petitioner complains of a lack of proper medical, dental, and psychological treatment, the failure to allow him access to Christian Science treating personnel, a lack of access to the law library and legal property, unhealthy and difficult conditions in the SHUs at two different prisons, two inter-prison transfers that allegedly violated BOP policy and caused Petitioner injury, excessive force, instances in which he has been precluded from using his wheelchair, retaliatory conduct by prison staff, and a failure to protect him from other inmates.

A habeas corpus petition under 28 U.S.C. § 2241 is the proper vehicle for a

1   federal prisoner's challenge to the execution of his sentence.  *See Hernandez v.*
2   *Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  By contrast, challenges to a prisoner's
3   conditions of confinement must be brought through a civil rights action, rather than
4   through a habeas corpus petition.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.
5   1991); *see also Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004)
6   ("Traditionally, challenges to prison conditions have been cognizable only via §
7   1983, while challenges implicating the fact or duration of confinement must be
8   brought through a habeas petition.").  A civil rights action is the "proper remedy"
9   for a prisoner "who is making a constitutional challenge to the conditions of his
10  prison life, but not to the fact or length of his custody."  *Preiser v. Rodriguez*, 93 S.
11  Ct. 1827, 1841 (1973).  "[C]onstitutional claims that merely challenge the
12  conditions of a prisoner's confinement, whether the inmate seeks monetary or
13  injunctive relief, fall outside of that core [of habeas relief] and may be brought
14  pursuant to § 1983 in the first instance."  *Nelson v. Campbell*, 124 S. Ct. 2117, 2122
15  (2004).

16      Through Grounds One through Five, Seven through Nine, and the portion of
17  Ground Six related to the loss of privileges, Petitioner seeks to pursue civil rights
18  claims based on conditions of his confinement that are alleged to violate the First,
19  Fifth, and Eighth Amendments.  These nine claims do not implicate the fact or
20  duration of Petitioner's confinement, and thus, they are not cognizable under
21  Section 2241.  Instead, Grounds One through Five, Seven through Nine, and the
22  portion of Ground Six related to the loss of privileges must be raised by way of a
23  civil rights complaint,[2] rather than through a habeas petition brought under Section
24
25  _____
26
27      [2]      Because Petitioner challenges the actions of federal employees, his civil rights
         claims must be raised under *Bivens v. Six Unknown Named Agents*, 91 S. Ct. 1999
28  (1971), rather than 42 U.S.C. § 1983, which applies only to state action.

6

2241.

The Court may construe a flawed habeas petition as a civil rights action. *See Wilwording v. Swenson*, 92 S. Ct. 407, 409 (1971). Converting the Petition to a *Bivens* complaint would be improper, however, given that: (1) the majority of Petitioner's claims stem from acts and omissions alleged to have occurred at FCC-Seagoville in Texas and, to a lesser extent, an institution in San Diego -- *i.e.*, prior to January 2015, when Petitioner was transferred to FCI-Lompoc -- and thus, this district is not the proper venue for such claims; (2) the Petition was not accompanied by the $400 filing fee; (3) the Petition was not accompanied by a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (4) the Petition was not accompanied by an authorization by Petitioner to have the $400 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b)[3]; (5) based on Petitioner's allegations, it appears that he has not exhausted his administrative remedies for most, if not all, of his claims, a prerequisite to filing a civil rights action[4]; (6) no viable *Bivens* claim has been stated against the sole named Respondent or any other person[5]; and (7) Petitioner has not identified the

---

[3]  Petitioner is a prisoner and, thus, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through monthly payments rather than prepaying the entire amount.

[4]  42 U.S.C. § 1997e(a) provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 121 S. Ct. 1819, 1825 n.6 (2001).

[5]  The Warden of USP-Lompoc is the only named Respondent. The Petition and related Memorandum, however, do not contain any allegations with respect to Respondent Warden, such as what he did or did not do, much less identify what conduct by him violated the First, Fifth, and Eighth Amendments. Rather, the Petition appears to constitute an improper attempt to hold Respondent vicariously liable premised on the doctrine of respondeat superior. *See Ashcroft v. Iqbal*, 129 S.

7

capacity in which Respondent would be sued for purposes of a civil rights claim, a critical issue for sovereign immunity purposes.[6]

In addition, if the Petition were converted to a *Bivens* complaint, Petitioner would be obligated to pay the $400 filing fee for such a civil action, either in full up front or through withdrawals from his prison trust account in accordance with the availability of funds.  See 28 U.S.C. § 1915(b).  The dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $400 filing fee.  Further, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995.  See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  As noted above, the allegations of the Petition do not state a cognizable *Bivens* claim against Respondent or anyone else.  If the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" -- *i.e.*, prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted -- may not bring an action or appeal without prepayment of the full filing fee unless "the

_____

Ct. 1937, 1948 (2009).  In addition, Petitioner's attempt to hold the Warden of FCI-Lompoc liable for events at other prisons and that predated Petitioner's January 2015 transfer to FCI-Lompoc is plainly meritless.

In addition, with nominal exceptions, the Petition fails to identify who did what or failed to act and when and where the acts of complained of occurred.  The Petition's allegations are too vague and conclusory to provide notice under Fed. R. Civ. P. 8 and to state a claim for relief that is plausible on its face, as required.  *See Iqbal*, 129 S. Ct. at 1949.  "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

[6]  *See, e.g., Mayben v. Barnes*, 290 F. Supp. 2d 1169, 1173 (E.D. Cal. 2003) ("a *Bivens* action cannot be brought against a federal employee in his or her official capacity because this would be deemed an action against the United States").

prisoner is under imminent danger of serous physical injury."  Thus, the Court believes it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise the subject-matter of Grounds One through Five, Seven through Nine, and the portion of Ground Six related to the loss of privileges as *Bivens* claims in a properly-submitted civil complaint in the appropriate venue(s).

    II.    Ground Six Must Be Dismissed.

    As noted above, the portion of Ground Six that relates to disciplinary findings resulting in a loss of privileges for a year and a half constitutes a conditions of confinement claim that must be raised as a *Bivens* claim, not in a Section 2241 habeas action, because this alleged loss of privileges does not implicate the length or execution of Petitioner's sentence.  In contrast, a claim that flawed and/or unconstitutional disciplinary proceedings resulted in the loss of good time credits may be cognizable under Section 2241, because this constitutes a challenge to the duration of confinement.  *See Preiser*, 93 S. Ct. at 1841; *see also Wolff v. McDonnell*, 94 S. Ct. 2963, 2973 (1974).  Even if, however, the portion of Ground Six based upon the loss of 95 days of good conduct credit imposed as discipline may be cognizable under Section 2241, this portion of Ground Six nonetheless should be dismissed without prejudice, for two reasons.

    First, Petitioner does not allege when and where the five disciplinary convictions at issue in Ground Six occurred.  If they were sustained at FCC-Seagoville and/or in Petitioner's San Diego institution(s), the Central District of California is not the proper venue for this portion of Ground Six.

    Second, even if venue were appropriate for this portion of Ground Six, the claim is unexhausted.  Although Section 2241 does not contain an exhaustion requirement, for prudential reasons, federal courts require Section 2241 petitioners to exhaust their administrative remedies prior to seeking habeas relief.  *Ward v. Chavez*, 678

9

F.3d 1042, 1045 (9th Cir. 2012); *see also Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011) (*per curiam*) ("In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies.") (citation omitted).  Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum," conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983) (*per curiam*).  Dismissal is appropriate when a federal prisoner has not exhausted the administrative remedies made available by the Federal Bureau of Prisons ("BOP").  *Martinez v. Roberts*, 804 F.3d 570, 571 (9th Cir. 1986) (*per curiam*).

Petitioner admits that he abandoned his appeals of these disciplinary convictions "as futile," and thus, this portion of Ground Six is unexhausted.  Petitioner has not, however, alleged anything that supports his conclusory allegation of futility.  Although "courts have discretion to waive the exhaustion requirement when prudentially required, this discretion is not unfettered." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004); *see also Murillo v. Mathews*, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (the "rule requiring exhaustion" "is not lightly to be disregarded").  A "key consideration" in exercising such discretion is whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme.'" *Laing*, 370 F.3d at 1000.  That consideration precludes this Court from finding that waiving Petitioner's failure to exhaust his administrative remedies would be appropriate, given his concession that he was able to file appeals but chose to abandon them.

Accordingly, the portion of Ground Six alleging a loss of good conduct credits may not be considered.

10

III.    Ground Ten Is Not Cognizable.

Ground Ten directly attacks the Conviction, based upon Petitioner's contention that he could not have formed the mens rea needed for the crime of which he was convicted.

A motion under 28 U.S.C. § 2255 generally is the exclusive post-appeal mechanism by which a federal prisoner may challenge the legality of his conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). A Section 2241 habeas petition may be filed by a federal prisoner to attack the "execution of his sentence," but not to attack its validity. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004); *Hernandez*, 204 F.3d at 864; *see also Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (noting that Section 2241 is available only to challenge the manner of execution of a prisoner's federal sentence, not its legality).

There is "one exception" to the generally exclusive nature of the Section 2255 remedy for federal prisoners who wish to challenge the validity of their convictions and/or sentences. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Section 2255 contains a "savings clause" or "escape hatch," which allows a federal prisoner to seek Section 2241 relief when a Section 2255 motion is "inadequate or ineffective to test the legality of his detention." *See id.; see also Muth*, 676 F.3d at 818; *Harrison*, 519 F.3d at 956. A finding that Section 2255 is an inadequate or ineffective remedy constitutes "a narrow exception" to the rule that Section 2255 provides a federal prisoner's exclusive remedy for challenging a conviction and/or sentence. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *see also Ivy v. Pontesso*, 328 F.3d 1057, 1069 (9th Cir. 2003). The petitioner bears the burden of proving the inadequacy or ineffectiveness of the Section 2255 remedy. *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

As the Ninth Circuit observed in *Muth*, the question of whether a petition is properly brought under Section 2241, rather than Section 2255, has "important

11

implications" due to differing procedural requirements for these two remedies. *Muth*, 676 F.3d at 818 (discussing the procedural limitations applicable to Section 2255 motions and from which Section 2241 petitions are exempt).  The distinction between Section 2255 motions and Section 2241 petitions impacts not only the type of relief available and the applicable procedural limitations but also carries a jurisdictional component.  Section 2255 motions must be heard in the federal district in which the prisoner was convicted and sentenced, while Section 2241 petitions must be heard in the federal district in which the prisoner is confined.  *See id.*; *Hernandez*, 204 F.3d at 864-65.  As a result, a district court faced with a federal prisoner's Section 2241 challenge to the legality of his conviction and/or sentence must first decide, "before proceeding to any other issue," whether the relief requested may be sought under Section 2241.  *Id.* at 865; *see also Muth*, 676 F.3d at 818 ("Before proceeding to the merits of a § 2241 petition ostensibly brought pursuant to the 'escape hatch' of § 2255, a district court must resolve the threshold question whether a petition was properly brought under § 2241 or whether the filing should instead be construed as a § 2255 motion.").

The Ninth Circuit has construed the "inadequate or ineffective" language narrowly and made clear that it does not serve as a mechanism for either circumventing the procedural limitations on Section 2255 motions or obtaining a second chance to present a claim already denied on the merits.  *See, e.g., Ivy*, 328 F.3d at 1059; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  The Ninth Circuit has concluded that the Section 2255 remedy qualifies as inadequate or ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'"  *Harrison*, 519 F.3d at 959 (citation omitted); *see also Muth*, 676 F.3d at 819.

To establish actual innocence within the meaning of the Section 2255 savings clause, a petitioner must show, by a preponderance of the evidence, "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have

convicted him.'" *Stephens*, 464 F.3d at 898 (citation omitted); Ivy, 328 F.3d at 1060; *Lorentsen*, 223 F.3d at 954.  Factual innocence, not legal insufficiency, is required.  *Id.*  While it is plain that, through Ground Ten, Petitioner contends he is "innocent," the Petition, on its own, fails to meet the above standard and further development of the record would be needed to resolve element (1) of the Ninth Circuit's governing test. Such record development is unnecessary, however, because Petitioner plainly has not satisfied, and cannot satisfy, element (2).

Petitioner had an unobstructed procedural shot at raising Ground Ten by filing a Section 2255 motion in the sentencing court.  Petitioner, however, failed to do so. Petitioner admits, in Ground Ten, that he possessed the documents and information needed to support the claim in mid-to-late 2014.  As formulated, the claim consists of ten handwritten lines.  The Court has reviewed the Southern District's docket for Petitioner's criminal case and it is readily apparent that Petitioner was a vigorous litigant during 2014, given his numerous filings.  There is no apparent reason why Petitioner could not have handwritten this same brief Ground Ten text on the Section 2255 motion form available for litigants and filed the form motion in the sentencing court in a timely manner, especially given his representation to the Southern District that, as of October 2014, he "possessed sufficient legal resources, experience and training to file appropriate motions and memoranda" and did not need the advice of counsel.  (*See* Docket entry 158 at p. 5, Case No. 11-cv-938-JM.) Rather than making the simple effort needed to file such a Section 2255 motion, it seems that Petitioner, instead, chose to focus his efforts during the last third or so of his limitations period on motions seeking more time, reconsideration, and recusal. (*See id., e.g.,* Docket entries 158, 160, 166, 175, and 180.)

Petitioner cannot allege truthfully that he has "never had the opportunity to raise" his Ground Ten claim in a Section 2255 motion.  *Ivy*, 328 F.3d at 1060 ("it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by

13

motion."). Petitioner has not attempted to raise his Ground Ten claim in the sentencing court through a Section 2255 motion. Whether or not such a motion would be cognizable or barred is beside the point; the fact is that he has never attempted to pursue Section 2255 relief, and thus, there is no basis for finding such relief to be inadequate and ineffective under these circumstances. *See id.* Accordingly, Section 2241 jurisdiction over Ground Ten does not exist in this district based on the Section 2255 escape hatch, and the claim must be dismissed without prejudice.

IV.    The Court Will Not Consider The Motion.

As noted above, Petitioner filed the Motion with the Petition, and the Motion seeks ten categories of relief. Given the Court's conclusion that it lacks jurisdiction to consider the claims alleged in the Petition and/or that the claims are not cognizable, this case will not proceed. As a result, there is no reason for the Court to consider the Motion and the Court declines to do so.

*       *       *       *       *

Accordingly, for the foregoing reasons, IT IS ORDERED that the Petition is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 17, 2015

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

14

1  Submitted by:

2

3  _____

4  GAIL J. STANDISH
   UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28